```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Desiveno Gause,

                    Plaintiff,

          -against-                        MEMORANDUM AND ORDER
                                           09-CV-4886 (JS)

Chase Home Finance LLC, Commercial
Mutual Insurance Company, Estate
of Della L. Gause, Lunt Agency Inc.,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:          Desiveno Gause
                        08A3503
                        WallKill Correctional Facility
                        P.O. Box G
                        Route 208
                        Wallkill, NY 12589-0286

For Defendants:         No appearances
```

SEYBERT, District Judge:

Presently pending before the Court is pro se Plaintiff Desi Gause's Complaint, accompanied by an application to proceed in forma pauperis. The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), but dismisses the Complaint pursuant to Fed.R.Civ.P. 12(h)(3).

BACKGROUND

Plaintiff, who is currently incarcerated in New York, claims that his mother, Della Gause, purchased property in Wyandanch, New York, and that he and his family have lived there since 1998. (Compl. 1). Plaintiff identifies Defendant Commercial Mutual Insurance Company as located in Kingston, New York, and

alleges that his mother was required to purchase two kinds of property insurance ("PMI, and Home Owners") when buying the property in Wyandanch. (Compl. 1). It appears from the Complaint that at some point between 1998 and this lawsuit, Della Gause passed away. Plaintiff alleges that he is the "heir of the deceased (Della Gause) who is my mother." (Compl. 1).

Plaintiff alleges that Chase Bank illegally collected monthly payments from the family after Della Gause passed away, began an "illegal foreclosure process," that the "private mortgage insurance protects the creditor and the debtor in case of an emergency such as this one," and that Defendants "failed to mitigate the proper procedures pertaining to death, insurance and the estate of the deceased and family . . ." (Compl. 2). Plaintiff also appears to allege that Chase Bank continued to collect from the deceased's family "unlawfully after wrongful death" and "assassinated my deceased mother's good name." (Compl. 2).

Plaintiff appears to allege that Commercial Mutual Insurance received premiums from Chase and did not compensate the estate of Della Gause for a home invasion that took place in 2004, in which "three babies were tied up and duck taped . . ." (Compl. 2). Plaintiff seeks, among other things, injunctive relief, disclosure of closing contracts, police reports, and sums ranging in the amounts of $250,000 to $1,000,000.00 for wrongful foreclosure, slander, and damages for his children's suffering

2

during the 2004 home invasion. (Compl. 3).

DISCUSSION

I. Standard of Review

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

II. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; Fed.R.Civ.P. 12(h)(3).

The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal-question jurisdiction and

3

Section 1332 provides jurisdiction based on diversity of citizenship. Id. Here, even construed liberally, Plaintiff fails to plead either federal subject matter or diversity jurisdiction.[1] Thus, Plaintiff's claim must be dismissed.

   A.   Federal Question Jurisdiction

"A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); however, pro se plaintiffs must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

Here, Plaintiff principally alleges wrongful foreclosure. But this is a state law cause of action, not a federal one. See

---

[1] Plaintiff writes that "the jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1392." But § 1392 does not confer subject matter jurisdiction. Instead, it determines venue when subject matter jurisdiction is properly invoked.

Harris v. Department of Housing Preservation and Development, 08-CV-1886, 2008 WL 3200269 * 2 (E.D.N.Y. Aug. 5, 2008); Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. Mar. 30, 2000) (noting that federal courts lack jurisdiction over claims of foreclosure fraud). Liberally construed, Plaintiff's Complaint also alleges libel or slander against the Defendants for damaging Plaintiff's "deceased mother's good name." But, once again, neither libel nor slander confers federal subject matter jurisdiction. See Chemiakin v. Yefimov, 932 F.2d 124, 126 (2d Cir. 1991). Finally, liberally construed, Plaintiff also alleges breach of contract. But this too is only a state law cause of action. See Santos v. State Farm Fire and Cas. Co., 902 F.2d 1092 (2d Cir. 1990); Gambino v. American Guarantee & Liability Ins. Co., 2009 WL 3158151 at n. 1 (D. Conn. Sept. 28, 2009) (only maintaining jurisdiction over breach of insurance contract claim due to diversity). Thus, Plaintiff's Complaint has not alleged federal question jurisdiction.

    B.    <u>Diversity Jurisdiction</u>

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of completely diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[C]omplete diversity" means that "each plaintiff's citizenship must be different from the citizenship of each defendant." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). Here, according to the Complaint, the Plaintiff and two of the Defendants, Commercial

5

Mutual Insurance Company and Lunt Agency, Inc., are citizens of New York.  Thus, complete diversity is lacking and, consequently, so is diversity jurisdiction.

CONCLUSION

Plaintiff's claims, as alleged and liberally construed, fail to provide this Court with subject matter jurisdiction.  Accordingly, the Court dismisses Plaintiff's Complaint without prejudice.  To the extent that Plaintiff has stated valid state law causes of action, Plaintiff can pursue these in state court.  Alternatively, in an abundance of caution, and given Plaintiff's pro se status, Plaintiff may file an Amended Complaint within thirty (30) days that validly pleads either federal question or diversity jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter as CLOSED if Plaintiff does not file an Amended Complaint within thirty days of this Order.

                                    SO ORDERED.

                                    /s/ JOANNA SEYBERT
                                    Joanna Seybert, U.S.D.J.

Dated:  December   9  , 2009
       Central Islip, New York