```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DESIVENO GAUSE,

                      Plaintiff,

         -against-                          MEMORANDUM AND ORDER
                                            09-CV-4886 (JS)

CHASE HOME FINANCE LLC,
COMMERCIAL MUTUAL INSURANCE COMPANY,
ESTATE OF DELLA L. GAUSE,
LUNT AGENCY, INC.,

                      Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiff:        Desiveno Gause, pro se
                      Prisoner No. 08A3503
                      WallKill Correctional Facility
                      P.O. Box G
                      Route 208
                      Wallkill, NY 12589-0286

For Lunt Agency, Inc.: Stephen Carson Cunningham, Esq.
                      Keidel Weldon & Cunningham, LLP
                      925 Westchester Avenue, 4th Floor
                      White Plains, NY 10604
```

SEYBERT, District Judge:

Presently pending before the Court is pro se and in forma pauperis Plaintiff Desi Gause's Amended Complaint. The Court dismissed Ms. Gause's original Complaint with leave to re-plead. It now DISMISSES her Amended Complaint WITH PREJUDICE.

## BACKGROUND

On November 9, 2009, Ms. Gause filed a Complaint against Defendants, asserting claims for wrongful foreclosure,

breach of contract, and slander/libel. On December 9, 2009, the Court dismissed that Complaint for lack of subject matter jurisdiction. See Gause v. Chase Home Finance LLC, 09-CV-4886, 2009 WL 4984346, 2009 U.S. Dist. LEXIS 115490 (E.D.N.Y. 2009). The Court found that Ms. Gause did not plead federal question jurisdiction because she pled only state law claims. Id. And the Court further found that Ms. Gause expressly did not plead diversity jurisdiction because she alleged that both herself and two Defendants, Commercial Mutual Insurance Company ("CMIC") and Lunt Agency, Inc. ("Lunt") were New York citizens.

On January 14, 2010, Ms. Gause filed an Amended Complaint. This Amended Complaint alleges the same basic facts as her original Complaint. But, to establish federal question jurisdiction, it also purports to assert a 42 U.S.C. § 1983 claim. And, artfully, it seeks to establish diversity jurisdiction by no longer pleading that Ms. Gause, CMIC and Lunt are New York citizens. Instead, the Amended Complaint identifies Ms. Gause only as a United States citizen, and styles CMIC and Lunt as "citizen[s] of unknown jurisdiction."

DISCUSSION

I. Standard of Review

Courts are obliged to construe the pleadings of a pro

se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

II. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal-question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. Here, Ms. Gause fails to properly

plead either a federal cause of action or diversity jurisdiction. Thus, Ms. Gause's Amended Complaint must be dismissed.

A. <u>Federal Question Jurisdiction</u>

"A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." <u>Arbaugh</u>, 546 U.S. at 513.

Here, Ms. Gause purports to assert § 1983 claims against the Defendants, alleging that Defendants somehow violated her First, Fourth, Fifth, Sixth and Fourteenth Amendment rights by not compensating her for a robbery and home invasion her family supposedly suffered. If well-pled, § 1983 claims would establish federal subject matter jurisdiction. But Ms. Gause's claims are manifestly not well-pled.

First, Ms. Gause has sued only private parties under § 1983, not state actors. But, to do so, she must "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Cir. 2002). And she has failed to do so.

Second, even if Defendants could somehow be construed as state actors, their alleged conduct did not violate § 1983. Contrary to Ms. Gause's claims, it is not unconstitutional to breach a contract or slander someone's mother. Those are state

4

law claims, which should properly be brought in state court when diversity jurisdiction does not exist.

Consequently, Ms. Gause's § 1983 claims are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i) (empowering the Court to dismiss "frivolous" actions commenced in forma pauperis).

B. Diversity Jurisdiction

Despite Ms. Gause's evasive pleading, diversity jurisdiction also does not exist. Her original Complaint establishes that she is a New York citizen. And Defendant Lunt has submitted a declaration and supporting documentation conclusively establishing that it is also a New York citizen. Specifically, Lunt has established that: (1) it is a New York corporation; and (2) its principal place of business is Babylon, New York. See Cunningham Decl. at ¶ 4, Ex. A. Thus, Ms. Gause's Amended Complaint fails to properly assert diversity jurisdiction. See Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). Moreover, in light of Ms. Gause's original Complaint, her Amended Complaint's jurisdictional pleadings are frivolous at best, and arguably outright malicious. See 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Amended Complaint is DISMISSED WITH PREJUDICE. Because the Court certifies that an appeal would not be taken in

good faith, it denies in forma pauperis status on appeal. In addition, the Court expressly finds that Ms. Gause's Amended Complaint is frivolous. Consequently, it constitutes a "strike" against Ms. Gause under 28 U.S.C. § 1915(g). See id. (preventing a prisoner from bringing "a civil action or appeal" in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

    The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March 9, 2010
          Central Islip, New York